# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION
No.____:_____-cv-_____-_____

| | | |
|---|---|---|
| JULIA DURBECK, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | **CLASS ACTION COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |
| v. | ) ) | |
| SUFFOLK UNIVERSITY, | ) ) | |
| Defendants. | ) ) | |

Plaintiff Julia Durbeck ("Plaintiff") by and through undersigned counsel, brings this action against Suffolk University ("Defendant" or the "University") on behalf of herself and all others similarly situated, and makes the following allegations based upon information, attorney investigation and belief, and upon Plaintiff's own knowledge:

## PRELIMINARY STATEMENT

1. Plaintiff brings this case as a result of Defendant's decision to close campus, constructively evict students, and transition all classes to an online/remote format as a result of the Novel Coronavirus Disease ("COVID-19").

2. While closing campus and transitioning to online classes was the right thing for Defendant to do, this decision deprived Plaintiff and the other members of the Class from recognizing the benefits of in-person instruction, access to campus facilities, student activities, and other benefits and services in exchange for which they had already paid fees and tuition.

1

3. Defendant has either refused to provide reimbursement for the tuition, fees and other costs that Defendant is no longer providing, or has provided inadequate and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Classes for their loss.

4. This action seeks refunds of the amount Plaintiff and other members of the Classes are owed on a pro-rata basis, together with other damages as pled herein.

**PARTIES**

5. Defendant Suffolk University is an institution of higher learning located in Boston, Massachusetts.

6. Upon information and belief, Defendant has an estimated endowment of approximately $250 Million.[1]

7. Moreover, upon information and belief, Defendant is eligible to receive federal stimulus under the CARES Act.  The Act directs that approximately 14 billion dollars be distributed to colleges and universities based upon enrollment and requires that institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

8. Plaintiff is an individual and a resident and citizen of the state of Massachusetts.

9. During Spring 2020, Plaintiff was enrolled as a full-time student in Defendant's undergraduate program, studying biology.

10. Plaintiff has paid substantial tuition for the Spring 2020 semester either out of pocket or by utilizing student loan financing, or otherwise.

---

[1] https://www.suffolk.edu/-/media/suffolk/documents/about/president-and-leadership/administration/auditedfinancialstatement_pdftxt.pdf?la=en&hash=03516CB9C2F6BC114376CE4B558DBA2AD1687C3D

11. There are hundreds, if not thousands, of institutions of higher learning in this country.

12. Some institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online programming which do not provide for physical attendance by the students.

13. Defendant's institution offers in person, hands on curriculum.

14. Plaintiff and members of the Proposed Tuition Class did not choose to attend another institution of higher learning, or to seek an online degree, but instead chose to attend Defendant's institution and enroll on an in-person basis.

15. Defendant markets the on-campus experience as a benefit of enrollment, and has even incorporated the value of experiential learning into its mission statement:[2]

> **Vision**
>
> Suffolk University will be a leader in experiential learning, known nationally and internationally for excellence in providing students access to real-world and global learning opportunities through outstanding academic and co-curricular programs and partnerships that take full advantage of our borderless, urban campuses in Boston and Madrid.

16. Common sense would dictate that the level and quality of instruction an educator can provide through an online format is lower than the level and quality of instruction that can be provided in person.

17. Moreover, the true college experience encompasses much more than just the credit hours and degrees.  The college experience consists of:

    i.    Face to face interaction with professors, mentors, and peers;

    ii.   Access to facilities such as computer labs, study rooms, laboratories, libraries, etc;

    iii.  Student governance and student unions;

    iv.   Extra-curricular activities, groups, intramurals, etc;

---

[2] https://www.suffolk.edu/about/mission-history

     v.     Student art, cultures, and other activities;

    vi.     Social development and independence;

   vii.     Hands on learning and experimentation; and

  viii.     Networking and mentorship opportunities.

18. Plaintiff's education has changed from in-person hands on learning to online instruction.

19. Plaintiff's online instruction is not commensurate with the same classes being taught in person.

20. For example, Plaintiff no longer has access to laboratory facilities, which are a key component of her biology studies.  Likewise, many of her classes that continued online were reduced in terms of total teaching time.

21. Defendant has already recognized the inherent inequality between the value of in person and online instruction.

22. Even before the COVID-19 pandemic, Defendant offered certain masters degrees through a fully online program.

23. Defendant advertised these online degrees as being equal to the same degrees earned in person:[3]

> **Are the Suffolk Online business programs different from the on-campus programs?**
> No. There's more flexibility because your program will be online and course materials are available 24/7. The curricula and faculty are the same as the on-campus programs.

24. However, Defendant charged significantly lower tuition for the online degrees than for the same corresponding on-campus degrees.

25. For example, even prior to the COVID-19 pandemic, Defendant charged $1,519 per credit hour for its on-campus MBA program, and only $1,171 per identical credit hour

---

[3] https://online.suffolk.edu/faqs

online, representing a discount of roughly 23%.[4]

26. In addition to tuition, Plaintiff was required to pay certain mandatory fees, including but not limited to an activity fee and a technology fee.

27. The activity fee is a mandatory fee charged to all on-campus students at the University (including part time and full time students and undergraduate and graduate students); except that the fee is not charged to students enrolled at the law school.[5]

28. Upon information and belief, this fee is intended to cover the costs of certain on-campus student activities such as student organizations, intramurals, campus speakers and events, access to wellness centers and other facilities, etc.

29. The technology fee is a mandatory fee charged to all on-campus students at the University (including part time and full time students and undergraduate and graduate students).[6]

30. Upon information and belief, this fee is intended to cover the costs of the campus internet technology infrastructure, including access to campus wi-fi services, computer labs, printing facilities, etc.

31. The University charges an additional mandatory SBA fee for all students enrolled in the law school.[7]

32. The SBA fee is charged to support SBA activities and law student organizations.[8]

33. In addition to the mandatory fees described above, Defendant charges a myriad of other access our course based fees, such as lab fees for certain courses.[9]

---

[4] https://www.suffolk.edu/about/directory/bursars-office/tuition-fees/graduate
[5] See, generally, https://www.suffolk.edu/about/directory/bursars-office/tuition-fees
[6] Id.
[7] https://www.suffolk.edu/about/directory/bursars-office/tuition-fees/law
[8] Id.
[9] Plaintiff was required to and did pay a $75 lab fee for the Spring 2020 semester.

34. As a result of being forced off campus, Plaintiff and members of the fees Class no longer have the benefit of the services for which these fees have been paid.

## JURISDICTION AND VENUE

35. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

36. This Court has personal jurisdiction over Defendant because Defendant is domiciled in Massachusetts and conducts business in Massachusetts.

37. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendant is an institution domiciled and doing business in this District.

## FACTUAL ALLEGATIONS

38. Upon information and belief, Defendant's Spring term began with the first day of classes on or about January 13, 2020.[10]

39. Upon information and belief, Defendant's Spring term was scheduled to conclude with the last day of examinations on or about May 5, 2020 for most students and May 8, 2020 for law students.[11]

40. Defendant's Spring break began on or about March 9, 2020 and was supposed to end on or about March 13, 2020, with students returning to campus for in-person classes on

---

[10] https://www.suffolk.edu/academics/academic-resources/academic-calendar/college-of-arts-and-sciences-and-sawyer-business-school ; https://www.suffolk.edu/law/academics-clinics/academic-resources/academic-calendar---law
[11] Id.

Monday, March 16, 2020.[12]

41. However, as a result of the COVID-19 pandemic, Defendant announced on March 11, 2020 that it was extending Spring Break by two days and thereafter moving all classes online for the remainder of the semester.  Defendant asked students not to return to campus following the extended end of Spring break, absent special circumstances.[13]

42. On March 16, 2020, Defendant announced the closure of the Wellness resource Center.[14]

43. On March 18, 2020, Defendant asked all non-essential staff to stay home, and suspended most other in-person student services.[15]

44. Also on March 18, 2020, Defendant announced the closure of all libraries.[16]

45. Accordingly, Plaintiff and members of the proposed classes were deprived of approximately 55% of the in-person instruction, access, and activities for which they had already paid fees and tuition.

46. Nonetheless, Defendant has refused and continues to refuse to offer any pro-rated discounts or refunds on Spring 2020 tuition:[17]



47. Although Defendant is still offering some level of academic instruction via online

---

[12] Id.

[13] https://www.suffolk.edu/student-life/health-wellness/coronavirus-health-advisory/suffolk-university-community-advisories

[14] Id.

[15] Id.

[16] Id.

[17] https://www.suffolk.edu/student-life/health-wellness/coronavirus-health-advisory/student-frequently-asked-questions

classes, Plaintiffs and members of the proposed Class have been and will be deprived of

the benefits of on campus learning as set forth more fully above.

48. In a message to students on March 11, 2020, Defendant's President acknowledged that

the online instruction was not commensurate with in-person instruction, and that it failed

to meet the "hallmark of education" that University had promised to provide:[18]

> This is a major decision for the University, and it was not made lightly.
> Close, in-person collaboration between students, faculty, and staff is
> something we value greatly as a hallmark of the education that we
> provide at Suffolk. However, we have carefully monitored guidance
> from public health agencies, and in the current environment health risks
> would be heightened by large numbers of students returning from
> spring break travels to gather in classrooms and residence halls. We

49. Likewise, Defendant has refused and continues to refuse to offer any pro-rated discounts

or refunds on mandatory and/or ancillary student fees.

### CLASS ACTION ALLEGATIONS

50. Plaintiff brings this action on behalf of herself and as a class action, pursuant to the

provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following

Classes:

**The Tuition Class:**

All people who paid tuition for or on behalf of students enrolled in classes at the
University for the Spring 2020 semester who paid for but were denied live in-
person instruction and forced to use online distance learning platforms for the
latter portion of that semester.

**The Fees Class:**

All people who paid fees for or on behalf of students enrolled in classes at the
University for the Spring 2020 semester.

51. Excluded from the Classes are The Board of Trustees of Suffolk University and any of

---

[18] https://www.suffolk.edu/student-life/health-wellness/coronavirus-health-advisory/suffolk-university-community-advisories

their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and Court staff assigned to this case.  Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

52. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

53. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

## Numerosity: Fed. R. Civ. P. 23(a)(1)

54. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendant's records.  Upon information and belief, Defendant's current enrollment is approximately 9,000 students.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

## Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)

55. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    i.    Whether Defendant engaged in the conduct alleged herein;

    ii.   Whether there is a difference in value between online distance learning and live

in-person instruction;

iii.   Whether Defendant breached its contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person instruction;

iv.   Whether Defendant was unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of online distance learning and live in-person instruction;

v.   Whether Defendant breached its contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

vi.   Whether Defendant was unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to cover;

vii.   Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

viii.   Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

ix.   The amount and nature of relief to be awarded to Plaintiff and the other Class members.

### Typicality: Fed. R. Civ. P. 23(a)(3)

56. Plaintiff's claim is typical of the other Class member's claims because, among other things, all Class members were similarly situated and were comparably injured through

Defendant's wrongful conduct as set forth herein.

### Adequacy: Fed. R. Civ. P. 23(a)(4)

57. Plaintiff is an adequate Class representative because her interests do not conflict with the interests of other members of the Class she seeks to represent.  Plaintiff has retained counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the action vigorously.  The Class's interests will be fairly and adequately protected by Plaintiff and her counsel.

### Superiority: Fed. R. Civ. P. 23(b)(3)

58. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.

59. Even if Class members could afford individual litigation, the Court system likely could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

### Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)

60. To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3),

Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

**Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)**

61. The University has acted or refused to act on grounds generally applicable to Plaintiff and

   the other Class members, thereby making appropriate final injunctive relief and

   declaratory relief, as described herein, with respect to the Class members as a whole.

**FOR A FIRST COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Tuition Class)**

62. Plaintiff incorporates by reference all preceding allegations as though fully set forth

   herein.

63. Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

64. Plaintiff and the Tuition Class entered into contracts with the University which provided

   that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of

   students and, in exchange, the University would provide live in-person instruction in a

   physical classroom.

65. Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when

   they paid tuition for the Spring 2020 semester either out-of-pocket or by using student

   loan financing, or otherwise.

66. The University breached the contract with Plaintiff and the Tuition Class by moving all

   classes for the Spring 2020 semester to online distance learning platforms, without

   reducing or refunding tuition accordingly.

67. The University retained tuition monies paid by Plaintiff and other members of the Tuition

   Class, without providing them the full benefit of their bargain.

68. Plaintiff and other members of the Tuition Class have suffered damage as a direct and

proximate result of Defendant's breach, including but not limited to being deprived of the

value of the services the tuition was intended to cover, namely live in-person instruction

in a physical classroom.

69. As a direct and proximate result of Defendant's breach, Plaintiff and the Tuition Class are

legally and equitably entitled to damages, to be decided by the trier of fact in this action,

to include but not be limited to disgorgement of the difference between the value of the

online learning which is being provided versus the value of the live in-person instruction

in a physical classroom that was contracted for.

### FOR A SECOND COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Tuition Class)

70. Plaintiff incorporates by reference all preceding allegations as though fully set forth

herein.

71. Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

72. This claim is pled in the alternative to, and to the extent it is determined a contract does

not exist or otherwise apply to, the contract-based claim set forth in the First Cause of

Action above.

73. The University has received a benefit at the expense of Plaintiff and other members of the

Tuition Class to which it is not entitled.

74. Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person

instruction in physical classrooms and did not receive the full benefit of the bargain.

75. Plaintiff and other members of the Tuition Class conferred this benefit on Defendant

when they paid the tuition.

76. Defendant has realized this benefit by accepting such payment.

77. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the tuition was collected, making Defendant's retention unjust under the circumstances.

78. Equity and good conscience requires that the University return a portion of the monies paid in tuition to Plaintiff and other members of the Tuition Class.

79. Defendant should be required to disgorge this unjust enrichment.

**FOR A THIRD COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Fees Class)**

80. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

81. Plaintiff brings this count on behalf of herself and other members of the Fees Class.

82. Plaintiff and the Fees Class entered into contracts with the University which provided that Plaintiff and other members of the Fees Class would pay certain fees for or on behalf of students and, in exchange, the University would provide services related to those fees, such as access to student activities, athletics, wellness centers, libraries, etc.

83. Plaintiff and other members of the Fees Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket or by using student loan financing, or otherwise.

84. The University breached the contract with Plaintiff and the Fees Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities.

85. The University retained fees paid by Plaintiff and other members of the Fees Class, without providing them the full benefit of their bargain.

14

86. Plaintiff and other members of the Fees Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

87. As a direct and proximate result of Defendant's breach, Plaintiff and the Fees Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which services were not provided.

## FOR A FOURTH COLLECTIVE CAUSE OF ACTION
## UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Fees Class)

88. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

89. Plaintiff brings this count on behalf of herself and other members of the Fees Class.

90. This claim is pled in the alternative to, and to the extent it is determined a contract does not exist or otherwise apply to, the contract-based claim set forth in the Third Cause of Action above.

91. The University has received a benefit at the expense of Plaintiff and other members of the Fees Class to which it is not entitled.

92. Plaintiff and other members of the Fees Class paid substantial student fees for on campus benefits and services and did not receive the full benefit of the bargain.

93. Plaintiff and other members of the Fees Class conferred this benefit on Defendant when they paid the fees.

94. Defendant has realized this benefit by accepting such payment.

95. Defendant has retained this benefit, even though Defendant has failed to provide the

services for which the fees were collected, making Defendant's retention unjust under the

circumstances.

96. Equity and good conscience requires that the University return a pro-rata portion of the

monies paid in fees to Plaintiff and other members of the Fees Class.

97. Defendant should be required to disgorge this unjust enrichment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of members of the Classes, pray for

judgment in their favor and against Defendant as follows:

a.      Certifying the Classes as proposed herein, designating Plaintiff as Class

representative, and appointing undersigned counsel as Class Counsel;

b.      Declaring that Defendant is financially responsible for notifying the Class

members of the pendency of this action;

c.      Declaring that Defendant has wrongfully kept monies paid for tuition and fees;

d.      Requiring that Defendant disgorge amounts wrongfully obtained for tuition and

fees;

e.      Awarding injunctive relief as permitted by law or equity, including enjoining

Defendant from retaining the pro-rated, unused monies paid for tuition and fees;

f.      Scheduling a trial by jury in this action;

g.      Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted

by law;

h.       Awarding pre and post judgment interest on any amounts awarded, as permitted

by law; and

i.      Awarding such other and further relief as may be just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated May 21, 2020

**STANZLER LEVINE, LLC**

/s/ Richard E. Levine
Richard E. Levine, Esq. BBO# 672675
65 William Street, Suite 205
Wellesley, MA 02481
(617) 482-3198
rlevine@stanzlerlevine.com

-AND-

**ANASTOPOULO LAW FIRM, LLC**
Eric M. Poulin**
Roy T. Willey, IV**
32 Ann Street
Charleston, SC 29403
P: (843) 614-8888
F: (843) 494-5536
Email: eric@akimlawfirm.com
       roy@akimlawfirm.com

*\*\*Pending Pro Hac Vice Admission*

**ATTORNEYS FOR PLAINTIFF(S)**