UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: SUFFOLK UNIVERSITY COVID REFUND LITIGATION ) ) ) ) THIS DOCUMENT RELATES TO: ALL ACTIONS ) ) ) ) ) | CIVIL ACTION NO. 20-10985-WGY |

YOUNG, D.J.                                                      July 13, 2022

**ORDER**

In two putative class actions, Julia Durbeck ("Durbeck"), Anna Francesca Foti, and Mary Anne Foti (the "Fotis") (collectively, the "Plaintiffs") sued Suffolk University ("Suffolk") claiming breach of an implied contract and unjust enrichment due to Suffolk's transition to a fully online program in light of the COVID-19 Pandemic.  Pl.'s Am. Class Action Compl. & Demand Jury Trial ("Durbeck's Am. Compl.") ¶¶ 69-171, ECF No. 20 (Civil Action No. 20-10985-WGY); First Am. Class Action Compl. & Demand Jury Trial ("Fotis' Am. Compl.") ¶¶ 62-84, ECF No. 6 (Civil Action No. 20-11581-WGY).  The Plaintiffs' claims can be grouped into two general categories: (1) claims based on students' payment of tuition ("tuition-based claims"); and (2) claims based on the students' payment of academic fees

[1]

("fee-based claims").  See generally Durbeck's Am. Compl.; Fotis' Am. Compl.  In the fall of 2020, Suffolk moved to dismiss these class actions for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); this Court denied both motions.  See Def. Suffolk's Mot. Dismiss, ECF No. 25 (Civil Action No. 20-10985-WGY); Def. Suffolk's Mot. Dismiss First Am. Compl., ECF No. 16 (Civil Action No. 20-11581-WGY); Durbeck v. Suffolk Univ., 547 F. Supp. 3d 133, 139 (D. Mass. 2021).  These cases were consolidated on August 24, 2021.  See Electronic Order, ECF No. 83 (Civil Action No. 20-10985-WGY).[1]

Currently before the Court is Suffolk's motion for summary judgment.  See Def. Suffolk Mot. Summ. J., ECF No. 119.  At a hearing held on June 29, 2022, this Court **GRANTED** in part Suffolk's motion for summary judgment and took the remainder of the motion under advisement.  See Electronic Clerk's Notes, ECF No. 143.

This Court granted Suffolk's motion only as to the fee-based claims (counts III and IV of Durbeck's Complaint and the fee-based portions of counts I and II of the Fotis' Complaint), see Durbeck's Am. Compl. ¶¶ 144-171; Fotis' Am. Compl. ¶¶ 64, 68, 70, 73-75, 79, 83.  The Court concluded that there was no genuine dispute of material fact that these fees did not mention

---

[1] All references to the record hereinafter cite to Civil Action No. 20-10985-WGY, the lead case.

-- in general or specific terms -- any connection to an in-person educational experience.

This Court took under advisement the portion of the motion for summary judgment targeting the Plaintiffs' tuition-based claims. At the hearing, counsel for Suffolk argued that two new pieces of the record demonstrated the need for summary judgment: (1) the Acknowledgment of Debt Terms and Conditions ("Acknowledgment") and the Tuition Refund Schedule, which counsel claimed prevent the existence of an implied contract; and (2) the fact that online courses and in-person courses in Suffolk's in-person undergraduate program are priced the same per credit, which counsel purported precludes Plaintiffs from establishing damages. This Court considers each briefly.

First, the Acknowledgement, which undergraduate students sign, states that students have an obligation to pay "tuition, room and board (if applicable), and other applicable fees by the due date" and that the student will be required to pay "all or a portion of the tuition and fees" even if they drop out or withdraw from Suffolk, in accordance with the Tuition Refund Schedule. Statement Undisputed Material Facts Supp. Def. Suffolk's Mot. Summ. J. ("Def.'s Facts") ¶¶ 21-23, ECF No. 121; Pls.' Resp. Def.'s Statement Undisputed Material Facts & Counter-Statement Facts ("Pls.' Facts") ¶¶ 21-23, ECF No. 127. This agreement does not defeat the Plaintiffs' tuition-based

[3]

claims.  The Acknowledgment does not constitute a fully integrated contract covering the same subject matter as the purported implied contract -- what students are entitled to in the event of an unforeseen campus closure.  See Starr v. Fordham, 420 Mass. 178, 188 n.8 (1995) ("A fully integrated agreement is a statement which the parties have adopted as a complete and exclusive expression of their agreement."); Latham v. Homecomings Fin. LLC, 27 Mass. L. Rep. 3, 12 (2009) ("Where a writing shows on its face that it contains all the essential terms that are necessary to constitute a contract, it is presumed that the parties intended it to be a complete and final statement of the whole transaction.").  Suffolk's reliance on Zhao v. CIEE Inc. is misplaced; there, the First Circuit dealt with an agreement that explicitly contemplated "factors beyond [the School's] control," unlike the Acknowledgment in the case at bar.  3 F.4th 1, 5 (1st Cir. 2021).

Second, it is undisputed that Suffolk charges the same price for its online courses as it does for its in-person courses in its in-person undergraduate program.  Def.'s Facts ¶ 38; Pls.' Facts ¶ 38.  Students who attend online courses in Suffolk's in-person undergraduate program, however, still have access to in-person facilities and experiences because, as counsel emphasized at hearing, Suffolk does not have an online undergraduate program; therefore, presumably the cost of these

[4]

in-person services is included in the course price regardless whether it is delivered online or in-person.

This fact raises concerns that calculating damages for these claims would run afoul of the educational malpractice bar. See Durbeck, 547 F. Supp. 3d 133, 139 (D. Mass. 2021) (defining educational malpractice claims as requiring the judiciary to define the sufficiency or quality of an educational program). Therefore, the Plaintiffs' tuition-based claims are **only allowed to proceed to damages calculation** insofar as the Plaintiffs can demonstrate at trial either: (1) that **Suffolk** has a particular method for calculating the cost difference between its online and in-person programs and apply that method of calculation to the in-person undergraduate program; or (2) that a consistent cost differential -- either across school years or across programs -- exists between the online and in-person versions of **Suffolk's** other educational programs (such as the MBA) and apply that differential to the in-person undergraduate program.  After all, there is only one Suffolk University in downtown Boston.

For example, the Plaintiffs allege, and Suffolk does not rebut, that there was a twenty-three percent cost difference between Suffolk's online and in-person MBA programs during the 2019-2020 school year.  See Pls.' Facts ¶ 73 (the in-person MBA costed $1,519 per credit and the online MBA costed $1,171 per credit).  One possible method of calculation -- should the

[5]

Plaintiffs be able to demonstrate its appropriateness -- would be to use a twenty-three percent reduction in value for the portion of Suffolk's undergraduate program that was conducted online.  Importantly, Plaintiffs **will not** be permitted to utilize market-value data of sister programs at other institutions to demonstrate this cost difference.

In its summary judgment briefing, Suffolk also raises several other objections to the Plaintiffs' implied contract and unjust enrichment claims -- including the issue of disclaimers, the doctrine of impossibility, and the viability of unjust enrichment claims at the class action stage.  See Def. Suffolk's Mem. Law Supp. Mot. Summ. J. 8-20, ECF No. 120.  These, and other objections raised by Suffolk in briefing, are unpersuasive on the summary judgment record.

Accordingly, this Court **DENIES** the remainder of Suffolk's motion for summary judgment as to Plaintiffs' tuition-based implied contract and unjust enrichment claims (counts I & II of Durbeck's Complaint and portions of counts I & II of the Fotis' Complaint).

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE