```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| IN RE: SUFFOLK UNIVERSITY COVID REFUND LITIGATION | CIVIL ACTION NO. 20-10985-WGY |

YOUNG, D.J.                                          November 3, 2022

## ORDER

This matter is before the Court pursuant the Defendant Suffolk University's ("Suffolk") Motion to Dismiss for Lack of Jurisdiction. Mot. Dismiss for Lack of Jurisdiction ("Mot. Dismiss"), ECF No. 156.  This motion was filed in response to this Court's October 11, 2022, Order.  See October 11, 2022, Order, ECF No. 155.

Suffolk's Motion to Dismiss for Lack of Jurisdiction is hereby DENIED.

This decision turned on whether this Court "concluded as a legal determination that the plaintiff's claims did not - and never did - constitute an actual or potential class action." Rovinelli v. Trans World Ent. Corp., No. CV 19-11304-DPW, 2021 WL 752822, at *16.  The Court made no such legal determination in its October 11, 2022, Order.  See October 11, 2022, Order, ECF No. 155.  Suffolk boldly interpreted this Court's order to

have found that Plaintiffs could have never mustered a class that would meet Rule 23's requirements by quoting direct language from Rovinelli and NOT from the actual language in this Court's Order. See Def. Mem. 3-4.

This Court made no such legal determination in its order denying class certification. Unlike Rovinelli, subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") was present at the time of filing because this Court never made a determination from the outset that a class could never be potentially certified.  See October 11, 2022 Order, ECF No. 155, 28 U.S.C. § 1332(d).

Finally, denial of class action certification does not divest this Court's subject matter jurisdiction because "CAFA does not specifically address whether a district court may retain jurisdiction following the denial of class certification."  Metz v. Unizan Bank, 649 F.3d 492, 500 (6th Cir. 2011); see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co., 602 F.3d 1087, 1091 (9th Cir. 2010); accord Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805, 806 (7th Cir. 2010); Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1268 n. 12 (11th Cir. 2009).

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE